**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PEDRO VAZQUEZ,<br>        Appellant, | DOCKET NUMBER<br>DC-315H-19-0466-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>        Agency. | DATE: June 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Captain James J. Woodruff, II, Esquire, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's argument that he was not required to serve a probationary period under his appointment to the agency because he already completed one during his prior service with the Department of the Navy (Navy), we AFFIRM the initial decision.

As properly set forth in the initial decision, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. Initial Appeal File (IAF), Tab 9, Initial Decision (ID) at 2; *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant bears the burden of proving the Board's jurisdiction by preponderant evidence. ID at 2-3; 5 C.F.R. § 1201.56(b)(2)(i)(A). Generally, if an appellant makes a nonfrivolous allegation[2] that the Board has jurisdiction over his appeal, he is entitled to a hearing on the jurisdictional question. ID at 3; *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 5 (2010).

The appellant has failed to make a nonfrivolous allegation that he completed 1 year of current continuous service at the time of his termination.

To establish Board jurisdiction under 5 U.S.C. chapter 75 over an adverse action, an individual must, among other things, show that he satisfies one of the

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

definitions of "employee" in 5 U.S.C. § 7511(a)(1). 5 U.S.C. § 7513(d); *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). Under 5 U.S.C. § 7511(a)(1)(A), an "employee" means "an individual in the competitive service —(i) who is not serving a probationary or trial period under an initial appointment; or (ii) except as provided in section 1599e of title 10, who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less."

Section 1105 of the National Defense Authorization Act for Fiscal Year 2016, Pub. L. No. 114-92 (enacted on November 25, 2015), amended the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A)(ii) by adding an exception codified at 10 U.S.C. § 1599e. *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8. Section 1599e provides, among other things, that individuals appointed to a permanent, competitive-service position at the Department of Defense (DOD) are subject to a 2-year probationary period and only qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) if they have completed 2 years of current continuous service. *Bryant*, 2022 MSPB 1, ¶ 8.

Here, although the administrative judge did not address the effect of 10 U.S.C. § 1599e in the initial decision, we discern no harm to the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The Standard Form (SF) 50 documenting the appellant's appointment to the agency reflects that his appointment was temporary because it was not to exceed 1 year. IAF, Tab 6 at 10; *see* 5 C.F.R. § 316.401(c)(1) (providing that an agency may make a temporary appointment for a specified period not to exceed 1 year). Thus, we find that the 2-year probationary period and amendment provided by 10 U.S.C. § 1599e do not apply to his agency appointment.

For the reasons discussed in the initial decision, we agree with the administrative judge's finding that, regardless of the temporary nature of the

appellant's appointment, he failed to make a nonfrivolous allegation that he completed 1 year of current continuous service at the time of his termination by the agency. ID at 3-5; *see Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005); 5 C.F.R. § 752.402 (defining "current continuous employment"). Thus, he cannot meet the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii). We further agree with the administrative judge's alternative finding that, even if the appellant was an individual in the excepted service (subject to the definition of "employee" under 5 U.S.C. § 7511(a)(1)(B)),[3] the outcome would not change because he still would have to establish that he completed 1 year of current continuous service.[4] ID at 5 n.3; *see Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶¶ 10, 13, 16 (2017) (deferring to the definition of "current continuous employment" set forth at 5 C.F.R. § 752.402, as a reasonable

---

[3] It is unclear based on the record whether the appellant was an individual in the competitive or excepted service. For example, the SF-50 documenting his appointment reflects that the agency used the Schedule A hiring authority set forth at 5 C.F.R. § 213.3102(u), which suggests he was in the excepted service. IAF, Tab 6 at 10; *see Van Wersch v. Department of Health & Human Services*, 72 M.S.P.R. 662, 665-66 (1996) (explaining that excepted-service appointments under 5 C.F.R. § 213.3102(u) are made to a particular class of individuals). However, the agency's SF-50s documenting his appointment and termination reflect that his position was in the competitive service. IAF, Tab 6 at 10-11. Further, the agency's termination memorandum stated that he was reinstated to a career-conditional appointment and it provided him with appeal rights on the bases set forth at 5 C.F.R. § 315.806, which only applies to individuals in the competitive service. IAF, Tab 1 at 8-9; *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009).

[4] The administrative judge's Acknowledgment Order only informed the appellant of the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A), which applies to individuals in the competitive service. IAF, Tab 2 at 4 n.5; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). However, the agency's jurisdictional response placed the appellant on notice regarding the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(B), which applies to preference eligibles in the excepted service. IAF, Tab 6 at 5; *see Nichols v. Department of the Interior*, 69 M.S.P.R. 386, 388-89 (1996) (finding that the agency's pleading provided the appellant with adequate jurisdictional notice). It is undisputed that the appellant is a preference eligible. IAF, Tab 3 at 10-16.

interpretation of 5 U.S.C. § 7511(a)(1)(B)), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018).

<u>The appellant has failed to make a nonfrivolous allegation that he was not serving a probationary period under his appointment to the agency.</u>

For the reasons provided in the initial decision, we agree with the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that he completed a 1-year probationary period under his appointment to the agency. ID at 2-5; *see Hurston*, 113 M.S.P.R. 34, ¶ 9; 5 C.F.R. § 315.802(b). Thus, he cannot meet the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A)(i).

On petition for review, the appellant argues that the administrative judge failed to consider his argument that he was not required to serve a probationary period under his appointment to the agency because he already completed one during his prior Navy service. Petition for Review (PFR) File, Tab 1 at 4-6; ID at 5. We modify the initial decision to address his argument, as follows.

Pursuant to 5 U.S.C. § 3321(a), an individual generally is required to complete a probationary period upon initial appointment to a competitive service position and upon initial appointment to a supervisory or managerial position. *See* 5 C.F.R. §§ 315.801, 315.901, 315.904(a). Under certain circumstances, an individual who has completed these types of probationary periods may not be required to serve another one in a new appointment. *See* 5 C.F.R. §§ 315.801(a)(2), 315.904(b). However, the probationary periods contemplated by 5 U.S.C. § 3321(a), do not apply to individuals covered by 10 U.S.C. § 1599e. 5 U.S.C. § 3321(c). As discussed above, under 10 U.S.C. § 1599e, individuals appointed to a permanent position within the competitive service at the DOD are required to serve a 2-year probationary period.

Here, the SF-50s documenting the appellant's initial appointment and subsequent reinstatement to the Navy reflect that he held competitive-service

positions that were not time-limited.[5]  IAF, Tab 5 at 6, Tab 6 at 8.  Accordingly, we find that his Navy appointments were subject to the completion of a 2-year probationary period under 10 U.S.C. § 1599e.  Even considering the appellant's total length of Navy service, he did not complete 2 years of service with the Navy that could satisfy the requisite 2-year probationary period.  IAF, Tab 5 at 6-7, Tab 6 at 7-9.  Although the SF-50s documenting his Navy appointments do not reflect that he was subject to a 2-year probationary period, IAF, Tab 5 at 6, Tab 6 at 8, an SF-50 is not a legally operative document controlling on its face an employee's status and rights, *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010).  For example, in *Bryant*, 2022 MSPB 1, ¶¶ 9-10, the Board found that 10 U.S.C. § 1599e and the aforementioned amendment to 5 U.S.C. § 7511(a)(1)(A)(ii), controlled the Board's jurisdiction in the termination appeal—not the agency's misstatements in the vacancy announcement and SF-50 reflecting that the appellant's position required only a 1-year probationary period.  Therefore, we find that the appellant's argument that he was not required to serve a probationary period under his appointment to the agency because he already completed one during his prior Navy service is unavailing.

The appellant has failed to make a nonfrivolous allegation that the Board has jurisdiction under 5 C.F.R. § 315.806.

The appellant does not dispute, and we discern no reason to disturb, the administrative judge's finding that he has not alleged that he was terminated for pre-appointment reasons or based on partisan political reasons or marital status.  PFR File, Tab 1; ID at 6.  Thus, the appellant has failed to make a nonfrivolous allegation that the Board has jurisdiction under 5 C.F.R. § 315.806.  ID at 6.

---

[5] Contrary to the appellant's assertion on review that he initially was hired under "Veterans Readjustment Appointment" authority, PFR File, Tab 1 at 4, the SF-50 indicates that he was appointed pursuant to the Veterans Employment Opportunities Act of 1998, as amended by section 511 of the Veterans Millennium Health Care and Benefits Act, Pub. L. No. 106-117, 113 Stat. 1545 (1999), IAF, Tab 5 at 6; *see LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 2 n.1 (2016).  Appointees under this authority receive career or career-conditional appointments in the competitive service.  5 U.S.C. § 3304(f)(2); *see LeMaster*, 123 M.S.P.R. 453, ¶ 2 n.1.

<u>The appellant's new argument on review provides no reason to disturb the initial decision.</u>

For the first time on review, the appellant argues that this appeal could be affected by a pending complaint that he filed with the Office of Special Counsel (OSC) regarding his prior termination by the Navy. PFR File, Tab 1 at 5 & n.1, 6. He speculates that, if his OSC complaint is successful, it could result in him having current continuous service from April 17, 2017, to March 29, 2019. *Id.* at 6. The appellant has failed to explain why he was unable to raise this argument before the administrative judge. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (holding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Nevertheless, we discern no reason to disturb the initial decision based on the appellant's speculation on the potential impact of his pending OSC complaint.

Accordingly, we affirm the dismissal of this termination appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of <u>all</u> available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.